## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**FREDRICK SMITH**                                                                    **PLAINTIFF**

**V.**                                                        **NO. 3:16-cv-155-DMB-RP**

**WILLIAM DRINKWATER, et al.**                                           **DEFENDANTS**

### ORDER ADOPTING REPORT AND RECOMMENDATION

On July 11, 2016, Fredrick Smith filed a pro se action in this Court against William Drinkwater, Desoto County Sheriff's Department, Officer Charles Mohon, Officer Post, Officer Perkins, and Officer Hendrix, submitting a document entitled, "Illegal & False Eviction From a Bogus and Void Detainer Warrant," and claiming, in essence, that the defendants wrongfully evicted him from his home. Doc. #1. Also on July 11, Smith filed a motion to proceed in forma pauperis.[1] Doc. #2.

On July 15, 2016, United States Magistrate Judge S. Allan Alexander issued a Report and Recommendation recommending:

> that the plaintiff's motion to proceed *in forma pauperis* [docket no. 2] be DENIED and that plaintiff be BARRED from filing future *in forma pauperis* actions in this court without first seeking leave to file from a district judge of this court. Furthermore, in light of the court's previous warnings to plaintiff that "any future lawsuits on this issue will be subject to summary dismissal and, potentially, monetary sanctions" …, it is recommended that if plaintiff elects to pay the filing fee and proceed with this action, and if the court, once again, finds plaintiff's claims to be frivolous or duplicative or otherwise barred by previous findings by the court, upon entry of such a judgment, the court should tax costs, including reasonable attorneys fees incurred by defendants, to the plaintiff. The undersigned further recommends that plaintiff be allowed fourteen (14) days from the entry of an order adopting this Report and Recommendation to pay the standard civil filing fee of $400 or risk dismissal under F.R.CIV.P. 41(a).

Doc. #4. Smith timely filed an objection to the Report and Recommendation. Doc. #5.

---

[1] Smith titled this filing, "Application for Leave to Proceed without Fee."

Where objections to a report and recommendation have been filed, a court must conduct a "de novo review of those portions of the ... report and recommendation to which the [party] specifically raised objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)) (internal citation omitted).

In his objection, Smith argues that even though "4 previous suits were filed," a recommendation that his fifth suit be dismissed "is not constitutional" under the First Amendment; that it is "the courts … duty to process [a pleading];" and that nothing in the "FRCP states a filing fee must be paid after filing 4 law suits." Doc. #5 at 1–2. Smith further argues that the judge erred in stating that 28 U.S.C. § 1915(e)(2) is exclusively for prisoners because he is not a prisoner. *Id*. at 2.

A federal court has inherent authority "to protect the efficient and orderly administration of justice and ... to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority "to levy sanctions in response to abusive litigation practices." *Id*. Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195–97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *see Canzoneri v. McCormick*, No. 3:12-cv-1241, 2012 WL 1864309, at *1–2 (N.D. Tex. Apr. 26, 2012) (recommending denial of in forma pauperis motion and barring plaintiff from filing future

in forma pauperis actions without first obtaining leave to file because of plaintiff's history of filing frivolous, repetitive lawsuits). Even if a plaintiff meets the financial prerequisites to proceed in forma pauperis, his claim may be dismissed if found to be frivolous or malicious. 28 U.S.C. § 1915(e)(2).

In recommending dismissal, Judge Alexander explained that Smith has filed four prior duplicative lawsuits "over the last five years challenging attempts by various financial institutions, law firms, or other defendants either to foreclose upon or evict [him] from the property;" that three of these suits were dismissed for failure to state a claim or as barred by res judicata and/or collateral estoppel; and that in the last prior suit, Smith, on July 13, 2016, was "barred from filing future *in forma pauperis* actions in this court without first seeking leave to file from a district judge of this court."[2] Doc. #4 at 1–2. While this case is the first of the cases naming these defendants, Smith's complaint arises from substantially the same facts and course of events—foreclosure of and eviction from his home—that he unsuccessfully litigated in this Court on prior occasions. *Id.* at 3–4.

The Court further finds Smith's objection that Judge Alexander found 28 U.S.C. § 1915(e)(2) is exclusively for prisoners to be without merit. As correctly noted in the Report and Recommendation, § 1915(e)(2) applies equally to prisoner as well as non-prisoner *in forma pauperis* cases. *Id.* at 3 n.2; *see Newsome v. Equal Employment Opportunity Comm'n*, 301 F.3d 227, 231–33 (5th Cir. 2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)). Smith's objection will be overruled.

---

[2] *See Smith v. Bank of America*, No. 2:11-cv-120 (N.D. Miss.); *Smith v. Jedynak*, No. 3:14-cv-59 (N.D. Miss.); *Smith v. Wells Fargo Home Mortg.*, No. 3:15-cv-92 (N.D. Miss.); *Smith v. Wells Fargo Home Mortg.*, No. 3:16-cv-92 (N.D. Miss.). The Court dismissed No. 3:16-cv-92 on January 5, 2017, for Smith's failure to comply with the Court's order that he pay the standard filing fee and, on April 18, 2017, Smith filed a motion to vacate the dismissal order, which is pending. Since the issuance of the Report and Recommendation in this case, Smith has filed two pro se actions which were removed to this Court. *See Smith v. DeSoto County Sheriff's Dept.*, No. 3:17-cv-40 (docketed February 21, 2017); *Smith v. Bank of America, N.A.*, No. 3:17-cv-71 (docketed April 13, 2017).

Having reviewed the remainder of the Report and Recommendation for clear error, the Court has found none.

It is, therefore, **ORDERED**:

1. Smith's objection to the Report and Recommendation [5] is **OVERRULED**;

2. The Report and Recommendation [4] is **ADOPTED** as the opinion of the Court;

3. Smith's motion to proceed in forma pauperis [2] is **DENIED**.

4. Smith is **BARRED** from filing future in forma pauperis actions in the Northern District of Mississippi without first seeking leave to file from a district court judge in this district.

5. Smith has fourteen (14) days from the entry of this order to pay the standard civil filing fee of $400 or risk dismissal under Federal Rule of Civil Procedure 41.

6. If Smith elects to pay the filing fee and proceed with this action and the Court finds his claims to be frivolous, duplicative, or otherwise barred by previous findings by the Court, upon entry of such a judgment, Smith will be taxed with the costs, including reasonable attorney's fees, incurred by the defendants.

**SO ORDERED**, this 14th day of July, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**